HENRIETTA M. BOSWORTH *vs.* LELAND S. BOSWORTH, Admr.

JUNE 27, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill in equity is brought to enjoin respondent from paying to himself $8,000, being the amount of his claim against the estate of his mother upon which he is administrator. After hearing upon bill, answer and proof, final decree was entered granting the relief prayed for. Respondent has brought the cause to this court by appeal from this decree.

It appears in the record that Anna Mary Bosworth of Providence died intestate leaving four children, one of whom is the respondent. He was appointed administrator of her estate December 18, 1930. The inventory of her personal property amounted to $1,592.84; this included money in bank, $462.84 and telephone and other stocks valued at $1,074. In addition to this personal estate Mrs. Bosworth owned the house in which she lived.

Complainant, who was the wife of Howland E. Bosworth, obtained a divorce from him and was awarded the custody of their two children; and he was ordered to pay her $12.50 a week for their support. April 17, 1931, complainant

attached Howland's interest in the real estate—which had descended to him from his mother—to secure the payment of overdue alimony which amounted to $1,500. Ten days later respondent filed in the office of the clerk of the probate court a claim for $8,000 against the estate of his mother. This claim was not disallowed within the time limited by statute. Complainant filed a petition in the probate court asking leave to disallow respondent's claim. Respondent objected to the granting of the petition and it was denied by the probate court March 23, 1932, on the ground that complainant was not a person interested in the estate of Anna Mary Bosworth.

March 3, 1932, complainant filed this bill in which she alleged that the claim of the respondent against the estate of his mother was false and fraudulent and that it was filed for the purpose of defeating her attachment of her former husband's undivided one-fourth interest in the real estate formerly owned by his mother.

These allegations were denied in the answer filed by respondent. After hearing the testimony of complainant and respondent on the issues raised by the pleadings, the court found that under the pleadings it had jurisdiction of the cause and that respondent had failed to prove that a large portion of his claim against the estate of his mother had any foundation in fact, and said that the case might be further heard on the amount, if any, due respondent. He declined to submit further evidence and a final decree was entered granting the relief prayed for.

Respondent contends the court lacked jurisdiction of the cause in that complainant had an adequate remedy at law by applying to the probate court for permission to disallow his claim and, if such permission was denied, to take an appeal to the Superior Court. This contention is inconsistent with the position taken by the respondent in the probate court where he opposed complainant's petition on the ground that she had no interest in the estate of Anna Mary Bosworth and the probate court sustained his objection.

The Superior Court held that as respondent did not demur to the bill or allege in his answer that complainant had an adequate remedy at law but proceeded to trial on the issues of fact created by the pleadings, he waived the question of the jurisdiction of the court. This was a correct ruling and is in accord with the law as stated in *Setchell Auto Parts, Inc.* v. *Artamian & Sutcliffe, Inc.*, 50 R. I. 144. See also *Roberts* v. *White*, 32 R. I. 522; *Hazard* v. *Coyle*, 22 R. I. 435.

Complainant had no remedy at law because the probate court held she was not a person interested in the estate of Anna Mary Bosworth and therefore could not disallow the claim filed by the respondent.

Complainant alleges the claim of the respondent is fraudulent. Fraud is one of the principal grounds of equitable jurisdiction. We have read the evidence and find no error in the finding of the court that respondent failed to prove a large portion of the claim he filed against the estate of his mother.

We think justice requires that respondent be given another opportunity to prove in the Superior Court, or before a master, the amount, if any, of his mother's indebtedness to him. The decree appealed from may be modified to this extent.

On July 3, 1933, the parties may present to this court a form of decree in accordance with this opinion to be entered in the Superior Court.

*John F. O'Connell*, for complainant.

*Rosenfeld & Hagan, C. Bird Keach*, for respondent.